**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN KROSS, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: |
| | ) | |
| ABX AIR, INC. and LGSTX SERVICES, INC., | ) | Removed from: |
| | ) | Circuit Court of Cook County, IL |
| *Defendants*. | ) | Case No.: 2018 L 004228 |

**DEFENDANTS ABX AIR, INC. AND LGSTX SERVICES, INC.'S
NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants ABX AIR, INC. ("ABX") and LGSTX SERVICES, INC. ("LGSTX") (collectively "Defendants") hereby remove the above-captioned civil action in its entirety from the Circuit Court of Cook County, Illinois, Case No. 2018 L 004228, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of their Notice of Removal, which is based on diversity jurisdiction, Defendants state as follows:

1.       This is a personal injury action arising out of an incident alleged to have occurred on November 10, 2014 at Chicago O'Hare International Airport.

2.       On January 14, 2015, Plaintiff John Kross ("Plaintiff") instituted a civil action in the Circuit Court of Cook County, Illinois, Case No. 2015 L 000372 (the "original action"), and asserted one count of negligence against ABX. On August 3, 2015, Plaintiff filed an Amended Complaint in the original action and named LGSTX as an additional defendant. The Amended Complaint in the original action asserted one count of negligence against each Defendant.

3.    On April 27, 2017, Plaintiff was granted leave to voluntarily dismiss the original action against ABX and LGSTX, Case No. 2015 L 000372, pursuant to 735 ILCS 5/2-1009. (04/27/2017 Order entered in the original action attached as Exhibit A.)

4.    On April 25, 2018, Plaintiff instituted this civil action in the Circuit Court of Cook County, Illinois, Case No. 2018 L 004228 (the "new action"), and asserted one count of negligence against each Defendant. (Summons and Complaint in the new action served on ABX attached as Exhibit B; Summons and Complaint in the new action served on LGSTX attached as Exhibit C.)

5.    In his Complaint filed in the new action, Plaintiff alleges that he was employed by DHL, that he was at Chicago O'Hare International Airport and acting within the course and scope of his employment with DHL, and that while ascending a set of stairs to board a DHL cargo plane, he lost his footing and fell. (Exhibit B, Count I at ¶¶ 4-6, Count II at ¶¶ 2, 6.) Plaintiff alleges that Defendants were negligent because they caused or allowed the stairs to be painted which created a dangerously slippery and unsafe condition, caused or allowed the stairs to remain in service despite a dent on the second step of the stairs, failed to adequately inspect the stairs, and failed to supply adequate lighting in the area where Plaintiff was working. *Id.*, Count I at ¶ 7, Count II at ¶ 7. Plaintiff further alleges that as a result of his fall, he sustained injuries of a personal and pecuniary nature. *Id.*, Count I at ¶ 8, Count II at ¶ 8.

6.    ABX was served with a copy of Plaintiff's Summons and Complaint in the new action on or about May 11, 2018. (Exhibit B.) LGSTX was served with a copy of Plaintiff's Summons and Complaint in the new action on May 4, 2018. (Exhibit C.) This Notice of Removal is being filed within 30 days of each Defendant's receipt of Plaintiff's initial pleading in the new action and is therefore timely under 28 U.S.C. § 1446(b)(1).

7.      The current action, i.e. the new action, is independent of Plaintiff's original action against Defendants. *Butar v. Hamilton Sundstrand Corp.*, No. 09 C 3437, 2009 U.S. Dist. LEXIS 83114, at *5 (N.D. Ill. Sept. 11, 2009). "[T]he filing of a [refiled] complaint is the filing of a new suit or action." *Id.* at *11. "In order to determine whether removal of [the new action] is timely pursuant to § 1446(b), [this Court] must look to the date of receipt of the 'copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* at *5-6 (citing 28 U.S.C. § 1446(b)(1). "'Such action' refers to this particular action – the action which is the subject of the notice of removal." *Id.* Here, ABX received the initial pleading in the new action (which is the subject of this Notice of Removal) on or about May 11, 2018. LGSTX received the initial pleading in the new action (which is the subject of this Notice of Removal) on May 4, 2018. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

8.      28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

9.      Here, there is complete diversity of citizenship between Plaintiff and Defendants under 28 U.S.C. § 1332(a)(2)(1). Plaintiff is a citizen of Kendall County, Illinois. (Exhibit B at ¶ 3.) For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Both Defendants are incorporated in Delaware and have their principal place of business in Wilmington, Ohio. Since Plaintiff and

Defendants are citizens of different states, there is complete diversity among the parties which provides this federal court with original jurisdiction.

10.     Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Defendants assert that the amount in controversy exceeds $75,000, exclusive of interest and costs for the following reasons:

a.      Plaintiff's Complaint in the new action alleges that he has suffered injuries of a personal and pecuniary nature and "demands judgment against [Defendants] for a sum in excess of the jurisdiction limit of the Law Division of the Circuit Court of Cook County, Illinois." (Exhibit B, Counts I and II.)

b.      In Illinois, "no ad damnum may be pleaded except to the minimum extent necessary to comply with the circuit rules of assignment where the claim is filed." 735 ILCS 5/2-604. The Seventh Circuit has "held that in such instances the district court may look outside the pleadings to other evidence of jurisdictional amount in the record." *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997).

c.      Here, in his answers to ABX's interrogatories in the original action[1], Plaintiff claimed injury to his right shoulder, right knee, left ankle, back, and neck. At his deposition in the original action, Plaintiff testified that his knee and shoulder were treated with surgery and physical therapy for several weeks following each surgery and that his left ankle was treated with cortisone injections and physical therapy. Plaintiff's medical bills for treatment from December 10, 2014 through March 17, 2016 are in the amount of $69,998.94.

d.      Also in his answers to ABX's interrogatories in the original action, Plaintiff asserted a wage loss claim. He stated that his hourly wage was $27.65 per hour at the

---

[1] In the interest of protecting Plaintiff's privacy, Plaintiff's answers to interrogatories, deposition transcript, medical records, and medical bills are not attached to this Notice of Removal. However, these documents are available and will be submitted to the Court upon request.

time of the alleged incident and that he had been off work since the incident. *Id*. Plaintiff had not yet returned to work when he voluntarily dismissed the original action on April 27, 2017, two and a half years later.

e.      Plaintiff's employer, DHL, filed a Petition to Intervene in the original action and asserted a lien pursuant to 820 ILCS 305/5(b) in the amount of workers' compensation benefits paid or to be paid to Plaintiff. As of March 21, 2017, DHL had paid Plaintiff $93,647.96 in indemnity benefits.

f.      Plaintiff's answers to interrogatories, medical records, medical bills, and deposition testimony in the original action and DHL's Petition to Intervene in the original action are "evidence that prove[] to a reasonable probability that … the requisite amount in controversy[] exists." *Cahill v. Ivex Novacel, Inc.*, No. 04 C 2566, 2004 U.S. Dist. LEXIS 17664, at *4 (N.D. Ill. Sept. 1, 2004).

11.     The United States District Court for the Northern District of Illinois, Eastern Division is the federal court embracing the Circuit Court of Cook County, Illinois where Plaintiff filed his action. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

12.     Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders served upon them in the State court record for the new action. (Exhibits B and C.)

13.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants ABX AIR, INC. and LGSTX SERVICES, INC. hereby remove this action from the Circuit Court of Cook County, Illinois, Case No. 2018 L 004228, to the United States District Court for the Northern District of Illinois, Eastern Division.

Date: May 31, 2018                                    Respectfully submitted,

                                                      **ABX AIR, INC. and**
                                                      **LGSTX SERVICES, INC.**


                                                      By: */s/ Tara Shelke* _____
                                                              One of Their Attorneys

Mark S. Susina
Tara Shelke
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email:  msusina@amm-law.com
             tshelke@amm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail at 20 South Clark Street, Chicago, Illinois 60603.

David C. Wise
BURKE WISE MORRISSEY & KAVENY
161 North Clark Street, Suite 3250
Chicago, Illinois 60601

**ATTORNEY FOR PLAINTIFF**

By: */s/ Tara Shelke*  _____
One of the Attorneys for Defendants
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: msusina@amm-law.com
             tshelke@amm-law.com